Our last case of the day is Siddiqui v. National Association of Broadcast Employees, appeal number 24-2315. Mr. Pierce, whenever you're ready. Good morning, and may it please the court, counsel. The district court committed reversible error in this case when it rejected longstanding precedent from the Supreme Court and from this court in refusing to allow the plaintiffs to file a fee petition after succeeding on their claims under the Labor Management Reporting and Disclosure Act under either the Common Benefit or the Bad Faith Doctrine. This is true regardless of the standard of proof that this court applies to this case. With my time this morning— You mean the standard of review? I do. I apologize. Yes, the standard of review. So do you concede that the standard of review is abuse of discretion? No, Your Honor. Why? So the abuse of discretion standard—and I did want to address this first, so I will. The abuse of discretion standard that's generally applied in reviewing fee awards by the district court calls for a high level of deference to the court's determination of, for example— Are you talking about it's only—we only review for abuse of discretion the amount of the fee, but we don't review for abuse of discretion whether to award fees? So there is a line that this court has drawn in terms of the amount of fees to be awarded, the rates that are requested. All of that falls within the discretion of the court, of the district court. When fees are denied based on a legal principle, the Seventh Circuit has held that that is a—that is not the same level of deference that's— And that's not what the district judge did here, not even close. The district judge recognized the theory. The district judge observed that perhaps the common benefit of theory shouldn't apply, but even if it does, that fees were not—he said that the exception should not apply here, and then he explained in detail the reasons for his decision. I mean, fees—fees issues are inherently within the district court's discretion. Full stop. I respectfully, Your Honor, I think that is typically the case. Here we were not at the point of submitting our records to see how much time had been spent. We were not determining whether the time spent— What difference does that make? Well, this is more of a threshold question that was being decided here, which is, could fees be awarded under the common benefit or the bad way down? What do you think was the legal question the district court was answering? The district court was answering— Incorrectly? Yes. The district court was answering the question of whether the common benefit doctrine applied in this case. And whether a fee award of any amount was appropriate. And why is that non-discretionary under Hall or our case law? I agree it's not left to whim, but we got an explanation from the district judge. Well, the district judge's decision and the explanation in this case, he did set out by, I think, correctly recognizing what the legal standards are under both of these standards, and he did refer multiple times to the court's discretion. However, in actually applying the facts of this case and the court's own findings to those standards, completely ignored the established precedent from the Supreme Court and Hall v. Cole and all the cases that have followed. So— In what way ignored? He's discussed them. He says he's applying them. He says I've got, in essence, discretion. As I understand it, by the time this issue gets in front of him, there's a second trusteeship. Is that correct? And this war of attrition is going on, as he said, the battles are not over. Why is that an abuse of discretion? Well, so assuming that an abuse of discretion standard applies, obviously that discretion is not without bounds. The decision has to be based on some reasonable justification, cannot be arbitrary. So let me give you an example, at least as a former district judge came to mind. First time there's a dispute in a new civil case about discovery, a motion to compel. The rules tell the district judge, in essence, presumptively, a fee award should be—fees should be awarded on a discovery dispute. But the district judge knows that this is early in the case and I can either stir this up more or I can try to put this to rest by denying a fee award the first time and kind of discouraging unnecessary discovery disputes. The battles are not overcome in here kind of brought that situation to mind for me. Is that unreasonable by a district judge? So I think in terms of the battles not being over and the court considering any developments that may have happened after the trusteeship was dissolved, I think that is one of the focal points of the district court's decision and also the arguments of the applease here. But I think it's important to consider what the alternate reality is that the district court and the sector in this case are presenting as, you know, being a better option than what happened here. What happened here was a bad faith legal trusteeship was dissolved and the elected leadership of the local was put back into control of the local. Had that not happened, then the trustee who was illegally imposed over this local would have remained in power presumably to the present day. And the district court found in granting the temporary restraining order in this case that every day an illegal bad faith trustee wields power and control over the local that is irreparable harm to the union and its membership. So that doesn't, I understand that I think, but that doesn't tell me why this was an abuse of discretion. So the, I think one of the fundamental flaws in the district court's decision, which we do consider to be a reversible error here, even under the abuse of discretion, with respect to bad faith, the court stated the standard, confirmed that you do not need a showing of bad faith in the course of litigation to award fees, and then refused to award fees solely because there was no finding of bad faith in the course of litigation. Where do you get the solely because there? So the district court's decision does not spend a lot of time on the bad faith doctrine specifically. Well, you just told us that was the flaw in the reasoning. Please point me to it, the best evidence of that. Yeah, Your Honor, I don't have the decision in front of me on rebuttal. I can certainly address that. But the bad faith and the common benefit are two standalone bases that fees should have been awarded here. The district court spent substantially more time on the common benefit analysis. If fees were paid now, where would they, who would they be paid to? The fees would be paid to the plaintiffs, the seven rank-and-file union members who brought this lawsuit. They were reimbursed by the union, however, correct? They were not reimbursed by the union, no. There was a vote by the unions, the local executive board voted to pay a portion of the fees that had incurred while this lawsuit was still ongoing in the merits. That payment was made to plaintiffs' attorneys. That was a partial payment to support that litigation, was made on the basis of the local union finding that this lawsuit was brought on behalf of all the members and that it brought a common benefit to the membership. By the time the plaintiffs were installed in leadership, correct? Correct. Reinstalled. Okay. That's correct. So, I guess I'm still trying to understand whether fees, if a fee award at this point would be paid to the union or to the plaintiffs or divided between them. Right, and I think we addressed this point, I think in our reply brief that any award of fees belongs to the party and the courts do not usually, normally get into what amount needs to be paid to attorneys, what amount has been paid or could have been paid by a different party, the award is really to the plaintiffs. So I think it's not a point that the district court looked at, the district court did not reference that payment in its decision and I don't think that should be a guiding principle here. Very briefly because I know I'm already into my rebuttal time, in terms of stating and then ignoring the law, the district court in this case actually muses that if Hall v. Wayne, in fact, our current Supreme Court might overturn that case. This prediction of what might happen in the future is not a basis to reject fees and in fact, by doing so, the district court put itself above this court and even above the U.S. Supreme Court in deciding what precedent to follow. You're reading an awful lot in, where do you think he says that? He obviously makes the comments, where do you think that's driving his decision? Well, Judge, that has to be a point driving the decision. Number one, it wouldn't have been included in this oral ruling if it were not worth noting to the judge and number two, I don't think . . . So if I muse that the controlling precedent might, in some case, might be getting a fresh look or might be criticized, then that taints my thinking inevitably? Is that the way you're reading this? No, Your Honor, but reading . . . It sure sounds like it. Reading the district judge's decision, there does not appear to be any other reasonable justification aside from his doubts about the continuing vitality of this standard. How about battles are ongoing and let's not make this worse than it already is? Um, Judge, I see I'm out of time if I may respond to that point. Please answer. Yes. The battles that are ongoing, I think, actually support an award of fees here and should have led to an award of fees. What they represent is the sector in this case, the National Union and its leadership from Washington, D.C., continuing to go after, retaliate, and single out those individuals whose politics it didn't agree with and, as a result, removed the leadership that had been elected to this local union. To the extent those developments after the dissolution of the trusteeship are considered at all, they actually favor an award of fees because to refuse to award fees here, as Hall v. Cole pointed out, the Supreme Court pointed out, would effectively, would do away with the entire provisions of the LMRDA meant to support union democracy and to crack down on abuses of power and corruption by union leadership. So fee awards are mandatory? Fee awards are not mandatory, no, Your Honor, but this case presents the exact circumstance under which the Supreme Court and all other courts have found them to be necessary and  Thank you. Thank you, Mr. Pierce. Mr. Feil. Thank you, Your Honor. Counsel may please the court. Your Honor, it is truly disappointing that we are here today. What plaintiffs apparently fail to realize is that the federal court system is not Alice's restaurant. You can't always get anything you want, and when you don't, that does not give you a good faith basis to file an appeal. This court said it best in a state of Borst v. O'Brien, there are few matters more wasteful of judicial resources than ancillary litigation over an attorney's fee award. This case is no different. The parties in this case entered into the consent judgment at the district court as a result of settlement. The entire purpose of doing so is to avoid further running of the legal meter and to put an end to the litigation once and for all. The defendants entered that consent judgment under the reasonable assumption that the parties would accept whatever outcome the district court decided when they agreed to submit the issue of plaintiff's attorney's fees to the discretion of the district judge. Unfortunately, it seems plaintiffs had different intentions. Here we are today still needlessly running the legal meter and wasting judicial resources. This appeal is utterly baseless. The plaintiffs are clearly mistaken, if not downright being disingenuous, to argue that the standard of review on appeal is anything other than the abuse of discretion standard. In fact, plaintiff's counsel expressly admitted that to the district court that the decision to award or not award fees under either the common benefit or bad faith doctrines is discretionary. At the October hearing, October 2023 hearing, the district judge asked plaintiff's counsel, quote, if I find either bad faith or common benefit, that would authorize an award of fees, but it does not require it. Am I right about that? Plaintiff's counsel responded, yes, that is correct. It's not mandatory. It's not fee shifting. Yet now on appeal, plaintiffs have pulled a 180. They're taking the position that a district court is required automatically to award fees anytime a lawsuit confers a common benefit or anytime there's evidence of bad faith, no matter how slight the common benefit and regardless of whether the other party litigated the case in good faith. That is simply not the law. The leading Supreme Court case on the issue, Hall v. Cole, upon which plaintiffs most heavily rely, states, quote, federal courts in the exercise of their equitable powers may award attorneys fees when the interests of justice so require. The key word in that sentence is may. May is a permissive word. It is by definition discretionary. It means that the district court may choose to award fees or it may choose not to award fees depending on the circumstances. The plain language of Hall establishes that even if there is a common benefit or evidence of bad faith, a district court may still choose not to award fees if overriding considerations or the interests of justice do not indicate the need for such a recovery. Mr. Feil, I read your brief as seeming to want to debate the district court's findings earlier by Judge Feinerman of bad faith and Judge Shaw's finding of common benefit. Are you accepting those findings or debating them? Yes, absolutely. Judge Shaw issued his ruling and he found that there was some common benefit, albeit slight, and that there was bad faith in the imposition of the trusteeship but not in how the defendants conducted the litigation. Judge Shaw then examined the rest of the totality of the facts and circumstances of the case and properly applied the law of common benefit and bad faith doctrines to the facts of this case. Other facts that were considered and were certainly relevant was that there was one that the defendants litigated in good faith, that there was overwhelming evidence of actual harm to both the local and the national union as a result of the litigation, and that it allowed the restored leadership to engage in rampant gross financial mismanagement of the local for nearly a year following the TRO, which eventually led to the CWA stepping in and placing them back under trusteeship to stop that gross financial mismanagement, which has since sparked an entirely separate litigation at the district court. That's still pending? I'm sorry, what?  Yes, that is. A First Amendment complaint was recently filed. Then there's also the fact that plaintiff's attorneys had already been paid the $94,000 out of the local's treasury before they made the request to the district court for fees. That's a particularly relevant fact in the common benefit analysis of this issue. Plaintiffs are arguing that it's irrelevant because in other statutory fee shifting cases, the courts don't look at whether the attorney's bills had already been paid, but they're missing the point yet again. This is not a statutory fee shifting case. This is not a Rule 11 sanctions case. This is under the common benefit or bad faith doctrines. And under the common benefit, which is an offshoot of the common fund doctrine, the purpose is to spread the fees proportionately among those who benefited from the suit, not to saddle the losing party with the expenses. In Skelton v. General Motors, this court explained the difference. In a statutory fee shifting case, it's the parties who may seek reimbursement of fees, whereas in a common fund case, it's the attorneys who have the claim to compensation. Therefore, in this case, it was entirely proper for the district court to consider that payment, and it would be proper for this court to consider it as well in affirming the district court's ruling. But it would, if I understand it correctly, in the common benefit theory, it would be appropriate, or at least could be appropriate, to award the fees and order the international union to pay those fees for the dissolution of trusteeship, correct? Had the district court found that the facts and circumstances of the underlying litigation justified awarding fees under the common benefit doctrine under Hull and its progeny, then yes, it could have done that. Thank you. Well, there was the issue that I think the district court asked the same question that you just asked the counsel, which is who gets paid? That was a question that was brought up at the lower court. The district judge did not address it in his decision, and so I don't know that it really needs to be addressed much further here. There's another major flaw in the plaintiff's arguments. If they were to be accepted, then it would effectively rewrite Section 304 of the Act to include automatic fee shifting, which does not exist in the statutory text. Respectfully, the federal courts do not have the authority to rewrite our federal laws. That belongs exclusively to Congress. If his plaintiffs have argued every successful lawsuit to dissolve a trusteeship under Section 304 results in a common benefit to the entire union, and if, as they've argued, district courts are prohibited from examining any other facts or circumstances beyond just that common benefit at the moment that the trusteeship was dissolved, then every successful suit under Section 304 would automatically result in fee shifting under the common benefit doctrine. Similarly, if his plaintiffs have argued fees should be awarded any time there's evidence of bad faith in the imposition of a trusteeship but not in the conduct of the litigation, then that, too, would result in automatic fee shifting in every successful case because bad faith is a requirement to succeed on a Section 304 claim. If a trusteeship was not imposed in good faith, then it was imposed in bad faith. Congress did not include statutory fee shifting in trusteeship cases under Title III, but it did include fee shifting in other cases arising under Titles II and V of the LMRDA. Therefore, Congress has expressed its intent that it did not want there to be fee shifting in trusteeship cases. So, with that, we would ask— That sounds like a good argument against Hall. I'm not asking the court to overturn Hall. I think, again, Hall says that the district court may award, under certain exceptions, rare exceptions to the American rule, but it does not say that you need to award fee shifting. And so we would ask this court to heed the Supreme Court's warning from the Alyeska Pipeline case, which states that the courts are not free to fashion drastic new rules with respect to the allowance of attorney's fees. It is not for the courts to invade the legislature's province by redistributing litigation costs. In closing, again, I feel the need to apologize to this court. I, too, can think of no greater waste of judicial resources than this appeal, especially considering that the whole point of the parties entering the consent judgment was to avoid such needless and wasteful ancillary litigation. Accordingly, we're asking this court to deny plaintiff's appeal, to affirm the district court's ruling, and we would also ask the court to exercise its authority under Appellate Rule 38 to award- Have you made a motion to that effect? We have not, but we- Are you familiar with the rules on that? I was not certain when the timing when to file that, but we can certainly, are prepared to file that motion, I'm assuming following a ruling, would be the appropriate time. Such motions are also subject to Rule 38 sanctions. Okay. Well, I will leave it at that. The battles are not over, as the district judge said. We can make this worse or we can make it not worse. I understand. Is my message clear? I understand. I'm getting your message, yes. We are asking the court to deny the appeal and affirm the district court's ruling. Thank you. Okay, Mr. Pierce, would you like some rebuttal? We'll give you a minute if you have anything you'd like to add. Yes, thank you, Your Honor. Very briefly. Again, I think this court and this case really comes down to the purposes of the LMRDA, which are stated in that statute, to prevent union corruption, to promote union democracy. And the district court in this case, in terms of matters still being disputed, the fights not being over, the district court said, this really just comes down to a dispute over who should run things. I think the district court was right about that. But the question is, who should run this local union, its membership or the leadership of the national union in Washington? In this case, the members of the local union prevailed and defeated the bad faith, unlawful trusteeship. As a result, union democracy prevailed. And for that reason, and for all of the reasons stated in Harvey Cole and its progeny, we believe an award of fees should have been entered in this case and would respectfully request this court to reject, I'm sorry, reverse the district court's ruling. Thank you. Okay, thank you to both counsel. The case will be taken under advisement and the court will be in recess.